UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IDEAL SALES, INC., a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:06-CV-1512-G |
| TAYLOR FARMS TEXAS, INC., a Texas corporation, ET AL., | ) ) ) | **ECF** |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants Bruce C. Taylor, Thomas M.

Bryan, James T. Hyatt, and Mark Lloyd ("the individual defendants") to dismiss,

pursuant to Federal Rule of Civil Procedure 12(b)(6), the claims against them.  For

the reasons set forth below, the motion is denied.

I. BACKGROUND

The plaintiff Ideal Sales, Inc. ("the plaintiff" or "Ideal Sales") is a Texas

corporation with its principal place of business in Dallas, Texas.  Complaint ¶ 3.  The

plaintiff is engaged in the business of buying and selling wholesale quantities of

perishable agricultural commodities in interstate commerce subject to and licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"). *Id.* The defendant Taylor Farms Texas, Inc. ("Taylor Farms") is engaged in the business of buying wholesale quantities of produce and, as a dealer, is subject to and licensed under the provisions of PACA. *Id.* ¶ 4a. The individual defendants, at all relevant times, are and were the officers and/or directors who controlled the assets and managed the day-to-day operations of Taylor Farms. *Id.* ¶ 4b.

The plaintiff asserts a breach of contract claim, coupled with two claims under PACA, against Taylor Farms. *Id.* ¶¶ 16-24. Also, it alleges breach of fiduciary duty claims against each of the individual defendants in their respective capacities as officers and directors of Taylor Farms. *Id.* ¶¶ 16-44.

On July 20, 2004, the plaintiff and Taylor Farms entered into a contract for the purchase and shipment of onions. *Id.* ¶¶ 5-6. On August 20, 2004, the plaintiff and Taylor Farms amended the initial contract to increase the amount of onions purchased and shipped. *Id.* The plaintiff alleges that it delivered, pursuant to the contract, 261 truckloads of onions to Taylor Farms between January 10, 2005 and April 22, 2005. *Id.* ¶ 11. The plaintiff further alleges that Taylor Farms failed to pay for 63 truckloads of onions. *Id.* ¶ 12. Consequently, the plaintiff avers, it has suffered more than $500,000 in damages. *Id.* ¶ 17.

- 2 -

On October 20, 2006, the individual defendants filed the instant motion to dismiss.  They contend that the plaintiff has failed to plead sufficient facts to state a claim against them.  Defendants Bruce C. Taylor, Thomas M. Bryan, James T. Hyatt, and Mark Lloyd's Motion to Dismiss ("Defendants' Motion") ¶¶ 3-4.  Therefore, they seek to have counts one and four through seven dismissed under Rule 12(b)(6).  They press a three-part argument for dismissal:  (1) the plaintiff has failed to plead the legal requisites of a PACA trust arising against Taylor Farms, *id.* ¶¶ 10-11; (2) the plaintiff has failed to allege any facts suggesting that Taylor Farms breached its fiduciary duties by lacking sufficient assets to satisfy the claim, *id.*; and (3) because the plaintiff failed to sufficiently plead (1) and (2), it cannot, as a matter of law, recover from the individual defendants, *id.* ¶ 14.

## II.  ANALYSIS

### A.  Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.

1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677

F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598

(1969), for the proposition that "the motion to dismiss for failure to state a claim is

viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).

Second, the court must accept all well-pleaded facts as true and view them in the light

most favorable to the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising

and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*,

19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of

Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations

and unwarranted factual deductions will not suffice to avoid a motion to dismiss.

*United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379

(5th Cir. 2003).  In addition, a court must not look beyond the pleadings when

determining whether a complaint states a claim upon which relief may be granted.

*Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th

Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

## B.  The PACA Trust

The individual defendants assert that the complaint lacks well-pleaded

allegations that a PACA trust arose or that a breach of duty in maintaining that trust

occurred.  Defendants' Motion ¶¶ 10-11.  Congress enacted PACA to promote

financial responsibility in the fresh fruit and produce industry.  *Sunkist Growers, Inc. v.*

*Fisher*, 104 F.3d 280, 282 (9th Cir. 1997).  Dealers licensed under PACA violate the

act by not paying promptly and in full for any perishable commodity.  *Id.*  Under

PACA, when a seller, dealer, or supplier ships produce to a buyer, a statutory trust is

created upon acceptance of the commodities.  7 U.S.C. § 499e(c)(2).  "Once this

trust comes into being, and the supplier's rights are properly preserved, the produce

supplier obtains a priority interest in the trust assets held by the debtor."  *Golman-*

*Hayden Company, Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 350 (5th Cir. 2000).

        Additionally, PACA requires that the company and those who could be

secondarily liable maintain the trust assets in a manner that such assets are freely

available to satisfy outstanding obligations to sellers of perishable agricultural

commodities.  *Bronia, Inc. v. Ho*, 873 F. Supp. 854, 860-61 (S.D.N.Y. 1995).  Any act

inconsistent with this duty, *including dissipating the trust assets*, is a breach of the

fiduciary duty.  *Id.*  Indeed, merely failing to turn over trust assets when payment is

due breaches the PACA dealer's fiduciary duty.  *Id.*

        Contrary to the individual defendants' assertions, the plaintiff has pleaded

facts supporting the creation of a trust between Ideal Sales and Taylor Farms under 7

U.S.C. § 499e(c) and the defendants' breach of that trust under 7 U.S.C. § 499b(4).

Complaint ¶¶ 16-21.  Additionally, the plaintiff identified Taylor Farms as a licensed

PACA dealer pursuant to 7 U.S.C. § 499a(b)(5)-(7), *id.* ¶ 4a -- an allegation Taylor

Farms and the individual defendants do not dispute, *see* Answer to Complaint ¶ 4.

The plaintiff also preserved the trust under 7 U.S.C. § 499e(c)(4) by inserting the requisite statutory language on its invoice to Taylor Farms.  Complaint ¶ 14, Exhibit 2.  When the facts alleged in the complaint are considered in the light most favorable to Ideal Sales, as they must be on this motion, the delivery of the plaintiff's onions to Taylor Farms created a trust, and Taylor Farms violated that trust by failing to pay for those goods in a timely manner.

### C.  Breach of Fiduciary Duty

The individual defendants also posit that the plaintiff failed to plead -- and lacks evidence to prove -- that Taylor Farms does not have sufficient assets to pay the plaintiff's claims.  Defendants' Motion ¶¶ 10-11.  This failure to prove a lack of sufficient assets, they argue, precludes the plaintiff from maintaining its claims against them in their roles as officers and directors of Taylor Farms.  *Id.* ¶¶ 11-15.

The individual defendants point to *Golman-Hayden* and *Sunkist Growers* for the proposition that individual liability attaches only after a licensed PACA company ceases operations.  However, going out of business or filing bankruptcy -- the circumstances presented in those cases -- are not the only proofs of a company's inability to pay.  Other acts exhibiting a company's inability to pay or an officer's unwillingness to fulfill his duties can also constitute a breach; such acts include the failure to timely pay an invoice.  *Bronia*, 873 F. Supp. at 860-61.

Moreover, the individual defendants misread the relevant Fifth Circuit precedent. In *Golman-Hayden,* the Fifth Circuit held that individual shareholders, officers, or directors of a corporation who are in a position to control trust assets, but breached their fiduciary duty to preserve those assets, could be held personally liable under PACA for the debt. See *Golman-Hayden*, 217 F.3d at 351. The *Golman-Hayden* court found that such personal liability was consistent with Congress's intent in establishing the statutory trust provisions in PACA. *Id.* Although liability under PACA attaches first to a licensed dealer, liability attaches to the shareholders, officers, and directors who had a role in causing the corporate trustee to breach if the assets of the dealer prove insufficient to satisfy the debt. *Id.* However, the fact that director liability is secondary does not preclude an injured party from seeking relief from officers and directors in the same action in which it seeks to establish primary liability for the corporation. See *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 423-24 (3rd Cir. 2005) (interpreting the Fifth Circuit's holding in *Golman-Hayden*). The individual defendants' contention that Ideal Sales may not seek to establish their PACA liability in this action is unpersuasive.

Accordingly, the court concludes that the plaintiff has pleaded sufficient facts to state a claim for relief under PACA. Ideal Sales has alleged that Taylor Farms's failure to pay was caused by an unlawful dissipation of trust assets. Complaint ¶¶ 16-21. Likewise, the plaintiff has alleged that the individual defendants, through their

operation and control of Taylor Farms, breached their fiduciary duty by failing to maintain a PACA trust and by failing to pay the plaintiff in a timely manner.  *Id.* ¶¶ 16-21, 25-44.  Relevant precedent mandates that the plaintiff be given the opportunity to prove that the individual defendants depleted the trust assets -- thereby breaching their fiduciary duty -- and that their conduct has resulted in Taylor Farms being unable to satisfy the unpaid claims.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the motion to dismiss is **DENIED**.

**SO ORDERED**.

June 4, 2007.

_____
A. JOE FISH
CHIEF JUDGE

- 8 -